

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| RAYMOND GARCIA,  §<br>Plaintiff,  §<br>  §<br>vs.  §<br>  §<br>RECREATION DISTRICT OF RICHLAND  §<br>COUNTY,  §<br>Defendant.  §  § | Civil Action No.: 3:23-2061-MGL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Raymond Garcia (Garcia) brought this action against Recreation District of Richland County (RDRC), alleging discrimination based on national origin and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Title VII), age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (ADEA), and hostile work environment in violation of Title VII and the ADEA.

This matter is before the Court for review of the Report and Recommendation of the Magistrate Judge (Report) recommending the Court grant RDRC's motion for summary judgment. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge issued the Report on March 6, 2024. Garcia objected on March 19, 2024. RDRC replied on March 26, 2024. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

The Magistrate Judge set out a complete recitation of the facts, which the Court will summarize here. Garcia, a Hispanic man over the age of forty, claims he was treated unfairly and ultimately terminated from his position at RDRC. Garcia worked as RDRC's chief technology officer and was supervisor of employees in the IT department. It appears Garcia's was a new supervisory position.

He alleges about ten months before his termination, a coworker made an offensive statement drawing on stereotypes about his Hispanic heritage. After he reported the incident, he claims his supervisors, especially executive director Lakita Watson (Watson), deputy director Tameka Williams (Williams), and director of human resources (HR) Diana McCoy (McCoy), treated him hostilely before eventually deciding to terminate him.

RDRC, on the other hand, maintains Garcia struggled with issues of professionalism and getting along with coworkers and supervisors, as well as some problems with the quality of his work, throughout his employment. According to RDRC, this ultimately resulted in his termination.

Garcia brings a laundry list of objections, some of which are non-specific and fail to warrant discussion. Nevertheless, the Court has reviewed the Report and record de novo and found no error.

The Court, however, has teased out several objections that it thinks merit discussion. Where it will aid analysis, the Court will group Garcia's objections below.

First, Garcia contends the Magistrate Judge failed to consider he "was considered an exemplary employee throughout his employment." Objections at 5. He alludes generally to "facts as presented in his documents[,]" but fails to specify any documents. *Id.*

Although Garcia's response to the motion for summary judgment and objections include reference to what Garcia considers positive deliverables he brought to the office—which Garcia contends the Magistrate Judge erroneously failed to consider—the Court is unable to find any evidence RDRC considered him an exemplary employee.

The evidence suggests the opposite—RDRC had issues with Garcia's job performance by October 2020, at the latest, ten months before his termination. That said, it is outside the province of this Court to evaluate Garcia's job performance. *See Beall v. Abbott Labs.*, 130 F.3d 614, 620 (4th Cir. 1997), *abrogated on other grounds as recognized in Gilliam v. S.C. Dep't of Juv. Just.*, 474 F.3d 134, 140 (4th Cir. 2007) ("absent evidence of retaliatory motive, we leave to the employer's discretion the method of evaluating an employee's job performance").

In short, Garcia's differing perspective as to the quality of his job performance is insufficient to create a genuine issue of material fact. The Court will thus overrule this objection.

Next, Garcia lists a series of twenty-six facts he insists the Magistrate Judge failed to consider. Even if the Magistrate Judge neglected to restate every fact—already recited in tedious detail in Garcia's response—the Court determines she wholly considered the parties' submissions. The facts listed by Garcia fail to impact the Court's analysis or suggest a genuine issue of material fact. Consequently, the Court will also overrule this objection.

After that, Garcia posits the Magistrate Judge failed to account for Garcia's report of a racist comment by a coworker and the subsequent change in attitude toward him at RDRC. He complains the Magistrate Judge improperly accepted RDRC's version of the facts.

Garcia fails to identify specific facts in the Report that are incorrect nor any missing facts that would change the result in this case. Accordingly, the Court will overrule this objection, as well.

Moreover, Garcia insists the Magistrate Judge omitted facts regarding Williams being upset Garcia had gone to HR, rather than her, concerning the racist comment he endured. He alleges Williams was troubled because she was friends with the coworker who made the derogatory remark to him.

Garcia has failed to explain how this evidence supports his claims. The Court surmises he may argue it shows RDRC retaliated against him for making an official complaint, rather than allowing Williams to handle the issue—or ignore the issue, as Garcia believes—informally. The Court is unconvinced by this argument. Garcia has thus failed to show a genuine issue of material fact, and the Court will overrule this objection, too.

Garcia also avers the Magistrate Judge incorrectly construed his argument regarding events occurring before the limitations period, namely events more than three-hundred days before he filed a charge with the Equal Employment Opportunity Commission. Garcia posits although he is unable to recover for those events, they could be used as evidence of discrimination. RDRC maintains "only incidents that [occur] within the timely filing period are actionable." Reply at 2 (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)).

Even considering events occurring before January 14, 2021, the Court determines summary judgment would still be appropriate. Accordingly, the Court will overrule this objection, as well.

Garcia next insists he presented evidence Williams, McCoy, and Watkins treated him differently "after he complained about the work environment." Objections at 14.

Garcia's vague and conclusory allegations of differential treatment are insufficient to show a genuine issue of material fact. This is especially true given the initial complaints about Garcia's professionalism occurred at nearly the same time—about two weeks prior—to the incident with the co-worker. Even if attitudes did shift around that time, then, Garcia has failed to show any change arose as a result of his complaint.

The Court will thus overrule this objection, too.

Garcia maintains the Magistrate Judge improperly reduced his allegations to claims he "was terminated unfairly," instead of illegally terminated. Objections at 15. He states RDRC employees have offered contradictory explanations for his termination that suggest pretext. RDRC insists its rationale for his termination has remained consistent.

Garcia is correct: "[t]he fact that an employer 'has offered different justifications at different times for [an adverse employment action] is, in and of itself, probative of pretext." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 576 (4th Cir. 2015) (quoting *EEOC v. Sears Roebuck & Co.*, 243 F.3d 846, 852–53 (4th Cir. 2001)).

McCoy testified she, Williams, and Watson made the decision together to terminate Garcia based on issues with his work, professionalism and personality, and leadership. At Watson's deposition, however, when asked who decided to terminate Garcia, she stated "[i]f I recall—and I do apologize, it was a while ago. If I recall I thought the termination was a result of us restructuring towards contracting services. I don't recall a termination. My apologies." Watson Deposition at 5:17–21. Watson then asked her attorney, who was unable to respond, whether RDRC had

5

terminated Garcia. She admitted she had failed to review the documentation in the case before the deposition.

Watson's answer, which appears to be little more than a guess in the face of a lapse in memory, fails to undermine McCoy's explanation. Thus, as the Magistrate Judge determined, the testimony Garcia points to fails to indicate inconsistent justifications.

Consequently, the Court will also overrule this objection.

Garcia also contends the Magistrate Judge erred in failing to determine RDRC's purported reason for his termination "was overcome with the facts presented in a light most favorable to [Garcia] and not [RDRC]'s rendition and [in] ignoring of most of the history of treatment of [Garcia] by the [RDRC]'s employees." Objections at 15.

Apart from a single incident of a racist statement, which was resolved with discipline for the perpetrator, Garcia has failed to present facts indicating any of his treatment was based on his protected characteristics—much less his treatment by the decisionmakers in this case. In fact, the evidence shows his subordinates felt angry at being, in effect, demoted by his hiring—because Garcia was an additional supervisor in the chain of command—and Garcia's personality clashed with the employees at RDRC. *See Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 281 (4th Cir. 2000) ("Even if [the plaintiff's supervisor] harbored some personal dislike of [the plaintiff] that made [the plaintiff's] job more difficult or stressful, '[a]n employer is not required to like his employees.'" (quoting *Williams v. Cerberonics*, 871 F.2d 452, 457 (4th Cir. 1989))).

As in *Hawkins*, the facts Garcia sets out lack "a hint of racial significance" and instead involve "the wisdom . . . of . . . management practices." *Id.* The Court will therefore also overrule this objection.

Garcia posits Magistrate Judge failed to consider the timing of his termination—days after he sent a letter of complaint—demonstrates RDRC's proffered reason was pretext. RDRC insists the letter failed to allege discrimination.

It appears Garcia's letter neglected to allege unlawful discrimination. Although he mentions the incident with the coworker, his letter focuses on his perception management failed to support him in dealing with uncooperative coworkers. Moreover, for the reasons explained by the Court and the Magistrate Judge ad nauseum, the Court is unable to determine there is a genuine issue of material fact the reason given for his termination was pretext. Indeed, it appears consistent with the issues noted in his letter—irreconcilable conflict with coworkers—even if termination clearly differed from the support he sought when writing it.

Consequently, the Court will also overrule this objection.

Additionally, Garcia avers RDRC failed to discuss with him its alleged issues with his performance.

As the Magistrate Judge explained, "when an employer articulates a reason for discharging the plaintiff not forbidden by law, it is not [the Court's] province to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination." *DeJarnette v. Corning Inc.*, 133 F.3d 293, 299 (4th Cir. 1998) (internal quotation marks omitted). In other words, the Court is unpermitted to sit "as a kind of super-personnel department weighing the prudence of employment decisions[.]" *Id.* (internal quotation marks omitted).

Even if RDRC could have spoken again with Garcia to address the issues with his employment, its refraining from doing so fails to give rise to a discrimination claim. The Court will thus overrule this objection, too.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court RDRC's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

Signed this 23rd day of May 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
